IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL JAMES FRENCH,<br>　　　Petitioner, | :<br>:<br>: |
| v. | : Case No. 3:21-cv-97-KAP |
| | : |
| BOBBI JO SALAMON, WARDEN<br>S.C.I. ROCKVIEW,<br>　　　Respondent | :<br>:<br>:<br>: |

<u>Order</u>

　　　Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his custody on the 1-8 year sentence imposed in <u>Commonwealth v. French</u>, CP-17-CR-345-2017 (C.P. Clearfield). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) contains a statute of limitations at 28 U.S.C. § 2244(d) that, with limited exceptions, requires a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to be filed within one year of the date the petitioner's judgment of sentence becomes final:

　　　(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
　　　(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
　　　(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
　　　(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
　　　(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

　　　That 1-year limitations period is tolled when a properly filed application for state collateral review is "pending." 28 U.S.C. § 2244(d)(2). In addition to that statutory tolling, the Supreme Court recognizes equitable tolling of the limitations period in habeas cases if petitioner can show extraordinary circumstances, that is: 1) petitioner has been pursuing his rights with reasonable diligence and some extraordinary circumstance (such as serious attorney misconduct) prevented the timely filing of the petition, <u>Holland v.</u>

1

Florida, 560 U.S. 631, 649 (2010); or 2) petitioner offers a "credible" or "convincing" claim of actual innocence. McQuiggin v. Perkins, 569 U.S. 383 (2013).

In its memorandum in support of the affirmance of the dismissal of petitioner's first PCRA petition, the Pennsylvania Superior Court set forth the relevant dates and procedural history of petitioner's criminal case as follows:

> On September 28, 2017, [petitioner] entered a negotiated guilty plea to aggravated assault and indecent assault with a person with a mental disability. In exchange for [petitioner's] plea, the Commonwealth withdrew charges of involuntary deviate sexual intercourse, indecent exposure, disorderly conduct, and open lewdness. Additionally, the parties agreed to a minimum term of 12 months' imprisonment for each count, with the maximum term to be decided by the court. On the date of the guilty plea, the court conducted an oral colloquy to confirm [petitioner's] plea was knowing, intelligent, and voluntary. The court accepted the guilty plea and deferred sentencing pending a pre-sentence investigation report. On November 21, 2017, the court sentenced [petitioner] to an aggregate term of 1 to 8 years' imprisonment. [Petitioner] timely filed a post-sentence motion on November 27, 2017, which the court denied following a hearing on December 19, 2017.
>
> On December 21, 2018, [petitioner] timely filed a PCRA petition. The court appointed counsel, who filed a "no-merit" letter and request to withdraw on May 8, 2019. On that same date, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. The court granted counsel's request to withdraw on May 10, 2019. By order dated November 6, 2019 but not docketed until November 26, 2019, the court denied PCRA relief. [Petitioner] timely filed a notice of appeal on December 16, 2019. On April 2, 2020, the court ordered [petitioner] to file a concise statement of errors per Pa.R.A.P. 1925(b); [petitioner] timely complied on April 13, 2020.

Commonwealth v. French, 240 A.3d 161 (Pa. Super. 2020) (table) text at 2020 WL 4727426, *1-2 (footnote omitted).

The Superior Court affirmed the PCRA court's order on the basis that petitioner had waived all of his claims on appeal by failing to develop them adequately. Id. Petitioner filed a petition for allowance of appeal that the Pennsylvania Supreme Court denied without opinion on April 6, 2021. Commonwealth v. French, 252 A.3d 237 (Pa. 2021). Petitioner's habeas petition was received in this Court on May 19, 2021, after petitioner placed it in the prison mailing system on May 13, 2021. ECF no. 1 at 16. Petitioner never sought to proceed *in forma pauperis*; the $5 filing fee was received from inmate accounts on May 25, 2021.

Petitioner's judgment of sentence was final on January 18, 2018, 30 days after the denial of his post-sentence motion on December 19, 2017, *i.e.*, at the expiration of time to

file an appeal from the judgment of sentence. Pa.R.A.P. 903; Pa.R.Crim.P. 720(A)(2)(a). Petitioner tolled the limitations period when he filed his PCRA petition on December 21, 2018. At that time, 337 days had run in the limitations period.

The PCRA petition was pending through April 6, 2021, when the Pennsylvania Supreme Court denied the petition for allowance of appeal. It was not pending after that date: an application for state collateral review is not pending during the time a prisoner has to seek review of a decision by a state's highest court by filing a petition for certiorari to the United States Supreme Court. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 85 n.5 (3d Cir. 2013). The limitations period began to run again on April 6, 2021 with 28 days remaining and expired on May 4, 2021.

The habeas petition can be considered filed at the earliest on May 13, 2021, the date petitioner placed it in the prison mailing system. (Although the filing fee was not received until May 25, 2021, and without the filing fee or a motion to proceed *in forma pauperis* the simple delivery of a petition or complaint to the district court does not constitute filing of the petition or complaint, *see* Truitt v. County of Wayne, 148 F.3d 644, 647 (6th Cir. 1998), no delay on this point can be attributed to petitioner because he had to rely on inmate accounts.) Thus, the petition is untimely by 9 days.

Even if the complaint were timely, this court could not grant petitioner a writ of habeas corpus because petitioner has not exhausted any claims, they cannot now be exhausted because they have been procedurally defaulted, and there is no excuse for the procedural default.

Under AEDPA, this court cannot grant a writ of habeas corpus unless the petitioner has exhausted the remedies available in the state courts, shows there is no available state corrective process or that circumstances exist that render it ineffective, or the state expressly waives exhaustion. 28 U.S.C.§ 2254(b)(1),(3). Exhaustion requires fair presentation of a federal claim under the normal rules that permit review of claims in the state courts. See Castille v. Peoples, 489 U.S. 346, 350-51 (1989).

Because the Pennsylvania Superior Court found petitioner's claims to be waived, although the exhaustion requirement is literally satisfied (because petitioner is time-barred from filing another PCRA petition), the doctrine of procedural default bars review of the claims in a habeas proceeding. See Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir.2000).

Procedural default can be excused if the petitioner can demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or

shows that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To demonstrate "cause" a petitioner typically must show some objective factor external to the defense that impeded any effort to comply with proper procedures. Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate a fundamental miscarriage of justice, a habeas petitioner must typically show "actual innocence:" that absent the claimed constitutional error no reasonable juror would have found him guilty. Schlup v. Delo, 513 U.S. 298, 327-28 (1995).

Petitioner cannot show cause for his own failure to effectively appeal from the denial of his PCRA petition. Petitioner argues that the state courts "forced" him to proceed *pro se* in violation of the Constitution, ECF no. 7 at 16, 18, but that is incorrect: there is no constitutional right to counsel in PCRA proceedings. There is a rule-based right to counsel in PCRA proceedings under state law, but when counsel is permitted to withdraw following the procedure set forth in Commonwealth v. Turner, 544 A.2d 927 (Pa.1998), and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super.1988), the PCRA petitioner has been accorded the full protection of that right.

Petitioner asserts that he is indeed "actually innocent," but he cannot excuse his default on that ground because he misconstrues that term. His assertion that there was no factual basis to support his conviction of aggravated assault is contradicted by his statements at his plea colloquy, ECF no. 7 at 62-63. His account of the events surrounding the criminal charges in the memorandum in support of the instant petition, ECF no. 7 at 19-21, belies any claim that no reasonable juror could have found petitioner guilty: petitioner substantially admits all the elements of either a charge of indecent assault (a first degree misdemeanor) or of involuntary deviate sexual intercourse (a first degree felony) except for the lack of mental capacity of the victim, and although he personally opines that he does not believe in the victim's disability, he offers no evidence that a rational jury could not have found the victim incapable of consent. This is significant because "actual innocence" requires a showing of factual innocence of the charges he pleaded guilty to and also of the charges that the Commonwealth forwent in the course of plea bargaining. *See* Bousely v. United States, 523 U.S. 614, 624 (1998).

A certificate of appealability should not be issued unless a habeas petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in Slack v. McDaniel, 529 U.S. 473, 484 (2000), that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

4

Jurists of reason would not debate the Superior Court's finding of procedural default or that the petition is untimely. No certificate of appealability is issued.

    The petition is denied. The Clerk shall mark this matter closed.

DATE: January 26, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Michael James French NF-2309
S.C.I. Rockview
Box A
1 Rockview Place
Bellefonte, PA 16823