IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. FRENCH, | : |
|     Petitioner | : |
|     v. | : Case No. 3:21-cv-97-KAP |
| BOBBI JO SALAMON, | : |
| SUPERINTENDENT S.C.I. ROCKVIEW, | : |
|     Respondent | : |

<u>Memorandum Order</u>

    Petitioner filed a motion for a certificate of appealability in the Court of Appeals, *see* ECF no. 5 in <u>French v. District Attorney of Clearfield County</u>, No. 25-1265 (3d Cir.), and yesterday the Clerk of that court remanded this matter to me with directions either to issue a certificate of appealability or to state reasons why one should not issue. *See id*., ECF no. 6.

    I do not issue a certificate of appealability, and none should be issued. A certificate of appealability should not be issued unless a habeas petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2). A substantial showing is not synonymous with success: a petitioner need only show that jurists of reason would debate the correctness of a district court's denial of a habeas petition, or in this case a Rule 60 motion. *See* <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003); <u>Hickox v. Superintendent Benner Twp. SCI</u>, 2020 WL 6437411, at *1 (3d Cir. Oct. 29, 2020). At the same time, more is required than good faith or the absence of frivolity on the part of the petitioner. <u>Miller-El v. Cockrell</u>, *supra*, 537 U.S. at 338. The Supreme Court held in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), that:

    When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

    Petitioner's Rule 60 motion, which I interpreted as a defective attempt to raise the same claims raised in the petition for a writ of habeas corpus and rejected three years ago in <u>French v. Salamon</u>, No. 3:21-CV-97-KAP, 2022 WL 486658, at *1 (W.D. Pa. Jan. 26, 2022), *certificate of appealability denied sub nom*., <u>French v. Warden, S.C.I. Rockview</u>, No. 22-1363, 2022 WL 20802455, at *1 (3d Cir. Sept. 8, 2022), *certiorari denied sub nom*. <u>French v. Salamon</u>, 144 S. Ct. 578, 217 L. Ed. 2d 308 (January 8, 2024), *reh'g denied,* 144 S. Ct. 2554, 219 L. Ed. 2d 1222 (May 13, 2024), must be treated as a second or successive

petition for the reasons I have already stated, and any new claims in the motion can only be considered after the Court of Appeals authorizes this court to consider them. *See* 28 U.S.C.§ 2244(b)(1), (2), and (3)(A).

Even if a reasonable jurist would disagree with me about the lack of new claims in petitioner's motion or the merits of any new claims, no reasonable jurist would disagree that procedurally I cannot consider any new claim unless the Court of Appeals authorizes me to do so. Instead of filing a Rule 60 motion, petitioner should have filed an application in the Court of Appeals for an order authorizing the district court to consider a second petition. Petitioner's procedurally incorrect presentation of his claims cannot cause reasonable jurists to debate whether petitioner has made a substantial showing of a denial of a constitutional right because petitioner cannot possibly have made that showing.

DATE: February 21, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to the Court of Appeals and counsel of record, and by U.S. Mail to:

Michael James French NF-2309
S.C.I. Rockview
Box A
1 Rockview Place
Bellefonte, PA 16823